BERLUCHAUX *vs.* BERLUCHAUX ET ALS.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The mother or surviving parent, as tutor or tutrix, may refuse the administration of her minor children's property, yet retain the superintendence of them and the care of their education.

The person appointed to manage and administer minor's property, on the refusal of the natural tutrix to take that office, is termed a tutor *ad bona;* and this appointment may be made to minors of a person other than the natural tutrix, even when she is present and residing in the State.

A mother residing in a foreign state or country with her minor children, who inherit property in this, on coming here would be preferred to all others in obtaining the administration of their inheritance.

Where a surviving parent resides in a foreign state or country with his children who inherit property in this, he could, perhaps, on proof that he had complied with the laws of the country where he resided and had obtained full authority, as tutor, to administer his wards' property, appoint an attorney in fact to represent their interests, at least so far as to make partition of a succession held in common with co-heirs residing here.

The Spanish law having been in force in Louisiana, until the repealing act of 1828, the court will recognise it in relation to cases arising under the government of Spain, without requiring it to be proved as a fact.

According to the Spanish law, the tutorship of the mother is required to be conferred and confirmed by the judge in the same manner as of any other near relation on whom the office is cast by law.

The father may confer the tutorship of his legitimate children by will, which supersedes any appointment by the judge.

It is the duty of the relations of a minor, residing in this state, to provoke the appointment of a tutor, whether the minor be or be not domiciliated therein.

Where a minor resides in a foreign country and inherits property in this state, a tutor *ad bona* must be appointed to make partition or administer it.

EASTERN DIST.
*January*, 1835.

BERLUCHAUX
*vs.*
BERLUCHAUX
ET ALS.

This is an action of partition. Pierre Berluchaux, the plaintiff, and Antoine and Joseph Berluchaux were the children of Charlotte Broyard, by her first marriage with Simon Berluchaux. She afterwards married V. Daublin, and died after her second husband, leaving in her will to her three children, among other dispositions, two lots of ground with the buildings thereon, and a slave in New-Orleans, which remains undivided. Joseph Berluchaux died since the will was admitted to probate, leaving a daughter, Amanda Berluchaux, his only child, residing with her mother in the Island of Cuba. The plaintiff is unwilling to hold this property in common with his co-heirs, and demands a partition by licitation or sale.

A dative tutor was appointed by the Probate Court of New-Orleans to represent the minor heir of Joseph Berluchaux, residing in Cuba. The testamentary executor of the widow Daublin, the dative tutor of Amanda Berluchaux and the other co-heir were duly cited.

The testamentary executor answered and consented to the sale and partition as requested, provided the proceedings were legal. The dative tutor answered, and averred he had been appointed by the advise and consent of an alleged family meeting, to represent said minor, while she still resided with her mother and guardian in Cuba ; and that he is now advised his appointment is illegal and prays to be discharged.

Antoine Berluchaux in his answer declares he has no objection to the partition, but avers that the minor Amanda Berluchaux is not legally represented and was not so at the making of the inventory, as no tutor can be appointed to her in this state while she is under the guardianship of her mother ; he prays that the appointment of the tutor to said minor be declared null and void ; and that no further proceedings be had in the matter until she is duly represented.

The testamentary executor amended his answer and alleged the insufficiency of the appointment of a tutor to represent the minor, Amanda Berluchaux, and the nullity of all the proceedings under it. He stated also, that the mother of said minor, in her capacity of natural tutrix, had sent a power of

attorney to the tutor authorising him to act in her name and behalf in all matters concerning the succession falling to the heirs,but there is no evidence or authority accompanying said act to show she was authorised to act as tutrix of her daughter. He prays that a new appointment be made and the matter proceeded in *de novo*.

A power of attorney from the mother in her capacity as tutrix of her minor, to the uncle who was appointed here, was produced duly certified, empowering said dative tutor to act in all matters touching the partition of the property.

The plaintiff took a rule on the dative tutor, to show cause why he should not give bond and security according to law, and proceed in his said capacity to make the partition required.

The judge of probates decided that although by the 268th article of the *La. Code*, the surviving wife is of right entitled to the tutorship of her minor children, yet according to article 271, she cannot be compelled to accept, and when she does, she is required to comply with certain formalities.

2. That in the present case it is not shown that the mother, residing under the government of Spain, has complied with any of the formalities required by law, to authorise her to act as tutrix; and that her assuming that quality in the power of attorney is not sufficient.

3. According to the article 946 of the *Code of Practice*, in case of absence from the state of the parent and minor, a tutor can be appointed to the latter, to assert and defend her interests. See *also* 3 *La. Rep :* 484.

4. In the present J. Chaigneau, the uncle of said minor. has, with the advice of a family meeting, been appointed tutor by this court, and as such, is bound to qualify and give security as the law requires in such cases. The rule was made absolute.

The tutor appealed.

*Soulé* for the the tutor and appellant, contended that the appointment of the tutor in this case to represent the minor, Amanda Berluchaux, is illegal and void, as said minor resides

EASTERN DIST. with her mother who is entitled to the guardianship and to be
January, 1835. tutrix of her child.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.

2. The appointment of tutor being null, all the proceedings in taking the inventory preparatory to the partition, are illegal and void.

3 The power of attorney transmitted by the mother of said minor from Cuba, although it purports to be made in her capacity of tutrix, and authorises the tutor appointed here to act in all matters in behalf of the minor, concerning the succession inherited, is not accompanied by any authority showing said tutrix has been regularly appointed and confirmed in said office, and is therefore without effect.

*Roselius* for the plaintiff and appellee. There are two questions to be decided.

1. Can a dative tutor be legally appointed to a minor, residing with her mother under the government of Spain, when called to inherit property here, and to assist in a partition thereof?

2. Or, can the absent mother, while abroad, represent her minor as natural tutrix, without showing she has complied with the formalities of the law of her domicil, in being appointed and confirmed to said office?

3. We contend for the affirmative of these questions. By the positive provisions of our law and by the expositions thereof by this court, a dative tutor must be appointed to represent the absent minor, when inheriting property in this state. *La. Code, art.* 1092. *Code of Practice,* 959. *3 La. Rep.* 484.

4. It will be also seen by those laws, that a curator or tutor *ad bona* cannot be legally appointed in this case. The tutor already appointed must act and proceed in the partition.

*Mathews, J.,* delivered the opinion of the court.

This is a suit instituted to obtain a partition of certain property situated within the jurisdiction of the court below, which property cannot be divided and partaken in kind, and must consequently be subjected to a sale by licitation, &c.

A difficulty occurred in proceeding to partition, in the manner above stated, in consequence of one of the co-heirs or co-proprietors being a minor, residing out of the state and unrepresented in it. This minor, Amanda Berluchaux, resides with her mother, in St. Jago de Cuba, a place under the government of the laws of Spain. The mother being the surviving parent, according to our law, is natural tutrix, and as such has a right to the guardianship of her children and to assume the management and administration of their property; but she is not bound to accept of this office. Although she may refuse it, still she retains the superintendence of them and the care of their education. A tutor whom she may have caused to be appointed, on her refusal to take that office, in such a case, is merely entrusted with what concerns the administration of their property. *La. Code*, art. 268 *and* 271.

In pursuance of these provisions of law, it is evident that a tutor *ad bona* may be appointed to a minor, other than the natural tutrix, even when she is present and residing in the state. A mother residing in a foreign state or country with her children, who inherit property in this, on coming here and making application to the proper authority for that purpose, would be preferred to all others in obtaining the administration of the property thus inherited; or, perhaps, on proof to the tribunal of this state, in a case like the present, which relates only to the partition of a succession held in common with others by her minor child, that she had taken all steps necessary to give her full authority as tutrix, in relation to the property of her pupil, according to the laws of the place of their residence, she might appoint an attorney in fact, to represent their interests here; but no proof of this nature is adduced in the present instance.

We have said that the minor who is interested in the partition of property, claimed in the present case, resides with her mother in a place governed by Spanish law. Now, although that law has no longer any force in the state of Louisiana, since the repealing act of 1828, yet having been considered previously the law of this country, so far as it was not abrogated or altered by our statutory enactments, we may still,

Eastern Dist.
January, 1835.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.

The mother or surviving parent as tutor or tutrix may refuse the administration of her minor children's property, yet retain the superintendence of them and the care of their education.

The person appointed to manage and administer minors' property, on the refusal of the natural tutrix to take that office, is termed a tutor *ad bona;* and this appointment may be made to minors, of a person other than the natural tutrix, even when she is present and residing in the state.

A mother residing in a foreign state or country, with her minor children who inherit property in this, on coming here would be preferred to all others, in obtaining the administration of their inheritance.

Where a surviving parent resides in a foreign state or country, with his children who inherit property in this, he could, perhaps, on proof that he had complied with the laws of the country where he re-

EASTERN DIST.
January, 1835.

BERLUCHAUX
vs.
BERLUCHAUX
ET ALS.

sided, and had obtained full authority as tutor, to administer his wards' property, appoint an attorney in fact to represent their interests at least so far as to make partition of a succession, held in common with co-heirs residing here.

The Spanish law having been in force in Louisian, until the repealing act of 1828, the court will recognise it in relation to cases arising under the government of Spain, without requiring it to be proved as a fact.

According to the Spanish law, the tutorship of the mother is required to be conferred and confirmed by the judge, in the same manner as of any other near relation on whom the office is cast by law.

The father may confer the tutorship of his legitimate children by will, which supersedes any appointment by the judge.

It is the duty of the relations of a minor, residing in this state, to provoke the appointment of a

without violation of the rule which requires foreign laws to be proved as facts, assume some knowledge of it. According to this law tutorship is of three kinds only : Testamentary, by effect of law, or *legitima* and dative. The right of tutorship granted to a mother comes under the denomination of *tutela legitima*, and she is to be preferred in the order of relationship before all others, when the father has not provided by will a tutor for his children. *Febrero Novisimo, vol.* 1, *Nos.* 7 *and* 10. Thus the tutorship conferred on a mother by this law is granted in the same manner as that which is given to the nearest relation, and it is made the duty of the judge to confer and confirm the tutorship of a mother as of any other near relation, on whom the office is thrown by law, and tutors of this class can do no act, without this confirmation, which will be valid in relation to the administration of the property of their pupils, unless when the tutorship is conferred by the testament of a father on his legitimate children. *Same authority, No* 15.

The attempt therefore of the mother, in the present instance to appoint an attorney in fact, to act for her in relation to the interests of her daughter, must be considered as without effect ; because there is no evidence of confirmation of the tutorship of the former by any competent tribunal in the place where they reside.

Considering the minor as wholly unrepresented in this state in relation to the administration of her property, the next inquiry is how this defect is to be supplied in pursuance of our laws on the subject. It is admitted on both sides, that a tutor must be appointed by authority of the competent judge, and one was appointed under all the formalities required to constitute a dative tutor *ad bona*. This appointment is complained of as illegal ; and in opposition to it, the counsel contends that a tutor *ad hoc* only could be appointed according to the provisions of the 295th article of the La. Code. That article is found in the section which treats of dative tutorship, and has relation to minors, both those who may have no domicil in the state and those who have. It is, however, made the duty of the relations of the minor, residing

in the state, to provoke the appointment of a tutor, whether such minor be or be not domiciliated therein. In the present instance the appointment of a tutor *ad bona* has been provoked, and we are of opinion that this appointment is supported by the art. 1092 of the La. Code, and art. 946 of the Code of Practice. Consequently there is no necessity of appointing a tutor *ad hoc.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be affirmed, with costs.

EASTERN DIST.
*January*, 1835.

BERLUCHAUX
*vs.*
BERLUCHAUX
ET ALS.

tutor, whether the minor be or be not domiciliated therein.
Where a minor resides in a foreign country, and inherits property in this state, a tutor *ad bona* must be appointed to make partition or administer it.