Simon, J.
delivered the opinion of the court.
An application having been made to the court of probates by the testamentary executors of Oharles McManus, for the registry and execution of the will of the deceased, with a prayer that the petitioners be recognized as the testamentary executors of the said will, and authorized to act in that capacity in this State; the judge of the said court ordered the said will to be registered and executed; and disregarding the last prayer of the" applicants’ petition, proceeded to appoint a dative testamentary executor, and an attorney to represent the absent heirs.
The petitioners, who reside in the State of Kentucky, where the will in question was received, proved and regularly admitted to probate, obtained *716 from this court a rule on the judge of the court of probates, to show cause why he should not order said will to be registered and executed, and the petitioners to be recognized as the executors thereof, without appointing any dative testamentary executor or attorney to the absent heirs; which rule, after having been served on the said judge, was by him answered by referring us to his judgment in the following words: “ The court considering from the annexed document that the will of the late Charles McManus has been duly proved before a competent judge of the place where it was received; that it is the imperious command of the lawgiver that an administrator under the will should be appointed by the court, when the executor appointed by the [572] testator will not or cannot perform the duties, or is dead or absent, Code of Practice, 924, sect. 7; that the executors appointed by the testator are absent, and considering further that the heirs of the deceased are absent and that in such a case the judge is bound by law to appoint an attorney to represent the absent heirs, and that this appointment is to be made at tho opening of the succession, La. Code, 1204 to 1210 ; it is ordered, &c., &c.”
This case is very similar to the one reported in 13 La. Hep. 223, except that in the latter case, there was no application on the part of the executors to be recognized as such, and comes particularly within the rule established by a late decision of this court rendered in the matter of the testament of Jane Sloane, on a mandamus directed to the same judge. It appears however that his opinion is principally based on the art. 924, sect. 7, of the Code of Practice, which is in these words: “ Courts of probates have exclusive power to appoint administrators under the .will, when the executor appointed by the testator, will not, or cannot perform the duties, or is dead or absent ; ” and he infers from this law that the petitioners being absent from the State of Louisiana, cannot be allowed to act here as testamentary executors to a will which is sought to be executed under the arts. 1681 and 1682 of the La. Code, which say: that “ testaments made in foreign counti'ies and other States of the Union, cannot be carried into effect on property in this State without being registered in the court within the jurisdiction of which the property is situated, and the execution thereof ordered by the judge and that “ this order of execution shall be granted without any other form than that of registering the testament, if it be established that the testament has been duly proved before a competent judge of the place where it was received. In the contrary case, the testament cannot be carried into effect, without its being first proved before the judge of whom the execution is demanded.”
The opinion of the judge of probates seems to us erroneous: the articles [573] above quoted do not prohibit the executors appointed by the testator in a testament made in foreign countries and other States of the Union, from continuing to act as such in this State; and do not require the appointment of any dative testamentary executor or administrator under the will, to carry such foreign will into execution in relation to property situated in this country; they merely indicate the requisites under which our laws will permit the execution of such will in Louisiana; and surely, if the intention of the lawgiver had been such as it is contended for, our laws would have contained a special provision to that effect. TVe understand the article 924 of the *717 Oode of Practice, from its general context, to refer only to successions which are opened in this State, in which administrators or executors are to be confirmed or appointed here, and not as being in any manner applicable to the administrators of successions opened in a sister State or in a foreign country; such administz'ators, whatever be their denoznination, dei'iving their authozdty frozrz the laws of the country where they have been appointed, have a right to exercise the rights and duties appertaining to their trust, provided they comply with the requisites of the law of the place where the property is situated ; and with regard to testaznentary executors, provided they obtain here the confirmation of their authority, after the recording of the will, from one of our courts of probates. Story, Conflict 'of Laws, No. 509.
This is manifest from the doctrine repeatedly established in our jurisprudence ; as, for example, under the article 351 of the La. Code, we have held in the case of Percy v. Provan, 15 La. Rep. 74, that the tutor of a minor, who is in the State, and to whom therefore said tutor is to be appointed or confirmed here, cannot be permitted to reside in another countzy. Yet in the case of Douglass v. Edwards, 9 La. Rep. 237, this court said that a tutor legally appointed to a minor who is out of the State, according to the zuzles and forms of a foz-eign State or government, could, though an absentee, and without any confirmation by our'tribunals, do all things here appertaining to the interest of the pupil, as if said tutor had received his appointment [574] in pursuance of our laws. See also the case of Berluchaux v. Berluchaux, 7 La. Rep. 539, where a similar doctrine is entertaizzed; and particularly in the case of Chiapella v. Couprey, 8 La. Rep. 86, in which the point was fully investigated, and where this court held in establishing the difference between the rights of a foz’eign tutor and those of an administrator, that “ in relation to the rights and duties appertaining to a testamentaz'y executor or administrator of an inheritance or succession, they cannot be exercised in this State, under the pi'obate of a will in a foreign State, and authority there granted to carry it into execution, without causing the will to be here recorded, and obtaining authority from a competent tribunal to execute it; and that an administz-ator by appointment in another State, is wholly without authority in this, to administer the property of a succession here situated, unless he be authorised to act by a court of probates in this State." This is the very object of the application made by the petitioners to the court of probates ; it is not contrazy to our settled jurispz'udence, which seems to have already established the rule that when an executor appointed by a foreign will and confirmed as such in a foreign countzy, is willing to act here, he should be recognized as such, and authorized to execute it in Louisiana; and in the language of this eozzrt in the case last quoted, “ so long as foreigners are permitted to inhezit property in this countzy, we are unable to perceive any good reason why impediments should be thrown in their way in a pursuit to recover and take possession of it, unless in a case where it is shown that the interests of our own citizens would probably szzffer from its abstraction.” This is also based upon the soundest principles of intezuzational law.
With regard to the appointment of an attorney to repi-esent the absent heiz’s; we see no necessity for it in this case; the succession is not opened in *718 this State, and there is no proof that there are any absent heirs; we have several times held that the existence of absent heirs is not to he presumed in all cases. 15 La. Rep. 530.
[575] We think therefore that the appointments made by the judge of the court of probates of a dative testamentary executor to the last will of Charles McManus, and of an attorney to represent his absent heirs, not having been called for, are illegal; and that his decree, after ordering the registry and execution of the said will, ought to have been extended to recognizing the petitioners as the executors thereof, and to authorizing them to act as such. .
Let the rule he made absolute.