## MEXICAN CENT. RY. CO., Limited, v. MARSHALL.

### (Circuit Court of Appeals, Fifth Circuit. February 7, 1899.)

### No. 779.

1. JURISDICTION OF FEDERAL COURTS — INTERNATIONAL COMITY — ENFORCING RIGHTS UNDER LAWS OF MEXICO.

The right of an employé of a railroad company, injured in the republic of Mexico by the negligence of the company, to recover in a civil action damages for such injury, under the law of that republic, may be enforced in a federal court in the state of Texas, having jurisdiction of the parties and of the subject-matter; that law being neither so vague and uncertain, nor so dissimilar to the law of the state of Texas, as to prevent it from being so enforced.

2. SAME—ELECTION OF FORUM.

The fact that a person injured by the negligence of a railroad company in another country might sue in that country will not prevent him from suing in a United States court, particularly where a part of the line owned and operated by the company is within the state in which the suit is brought. Evey v. Railway Co., 26 C. C. A. 407, 81 Fed. 294, reaffirmed and followed.

Writ of Error to the Circuit Court of the United States for the Western District of Texas.

T. A. Falvey, for plaintiff in error.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARDEE, Circuit Judge. This is an action brought by A. M. Marshall, a citizen of the state of Texas, against the Mexican Central Railway Company, a corporation created under the laws of the state of Massachusetts, to recover for personal injuries alleged to have been received on the 10th day of July, 1897, at El Abra, in the republic of Mexico, while he was in the service of the railway company as freight conductor. Marshall recovered judgment in the sum of $4,000, and the railway company sued out this writ of error.

Facts material to the consideration of the errors relied upon are found in the two bills of exception, as follows:

"Be it remembered that, upon the trial of the above styled and numbered cause in said court, the defendant proved and introduced in evidence a portion of the laws of the republic of Mexico, in which country plaintiff was injured, and which laws so introduced and proven are as follows, to wit:

"Federal Constitution.

"'Art. 72. Congress has power to enact laws governing general lines of communication, and governing post office and mails.'

"'Art. 97. The federal courts have jurisdiction: (1) Of all questions grow-

.íng out of the execution and application of the federal laws, except when the application of the law only affects interests of individuals, in which 'case local judges and tribunals shall entertain jurisdiction.'

"Federal Penal Code of the Republic of Mexico.

" 'Art. 4. A crime is a voluntary infraction of the penal law, doing that which it prohibits or neglecting to do that which it commands.

" 'Art. 5. A misdemeanor is the infraction of police regulations, or proclamations of good government.

" 'Art. 6. There are intentional crimes, and crimes resulting from neglect.'

" 'Art. 301. The civil liability arising from an act or omission contrary to the penal law, consists in the obligation imposed upon the party liable, to make: (1) Restitution; (2) reparation; (3) indemnization; and (4) payment of judicial expenses.'

" 'Art. 308. The civil responsibility cannot be declared, except at the instance of the party entitled to recover.

" 'Art. 309. Judges who adjudicate upon the civil responsibility shall be controlled by the provisions of this title in so far as its provisions extend; on other questions, they shall follow according to the nature of the suit, the provisions of the civil or the commercial laws which may be in effect at the time of the happening of the act or omission causing the civil responsibility.'

" 'Art. 326. No person can be charged with civil liability upon an act or omission contrary to the penal laws, unless it be proven that the party sought to be charged usurped the property of another; that without right he caused himself, or be [by] means of another, damages or injuries to the plaintiff; or that the party sought to be, charged being able to avoid the damages, they were caused by a person under his authority.'

" 'Art. 366. Limitation as [is] interrupted by the criminal proceeding until final judgment is pronounced. This done, the term of limitation commences to run anew.'

"Transitory Law, Federal Penal Code.

" 'Art. 28. Until it is determined in the new Code of Procedure what judge shall have jurisdiction and the mode of proceeding in suits to enforce civil liability, the following rules shall be observed:  *  *  *  (5) Actions to enforce the civil liability may be brought before a court of civil jurisdiction, whether or not the criminal proceeding has been commenced; but while the latter is pending, the proceedings of the former shall be stayed.'

'. "The plaintiff, upon trial of said cause, introduced testimony to the following effect, and proved the following facts, to wit:

"That he resided in, and was a citizen of, the county of El Paso, state of Texas, in the Western district of Texas, prior to and since the filing of his suit in this case; and plaintiff also introduced testimony to the effect, and proved, that the defendant, the Mexican Central Railway Company, Limited, owned and operated a line of railroad, which terminated in the city of El Paso, El Paso county, Tex., and that the defendant company operated and ran trains over said railway to this side of the river, in the said city of El Paso, El Paso county, Tex., and that the defendant has, and had prior to the filing of this suit, an office and local agent in the city of El Paso, and in the Western district of Texas, and that passengers take the train here, in the said city of El Paso, at the Santa Fé Depot, on going on the defendant company's line into Mexico. That thereafter defendant requested the court to instruct the jury as follows: 'Gentlemen of the Jury: It appears from the Mexican laws offered by defendant herein that if the plaintiff is entitled to recover herein, that his right of recovery must be based upon the violation of some criminal law of Mexico; that the recovery of damages for injuries, under the laws of Mexico, must be based upon the breach of a penal law, and not the commission of a tort leading to his injury. Plaintiff not showing that defendant violated any penal laws of Mexico, and thereby caused plaintiff's injuries, plaintiff having failed to prove the violation by defendant of any penal law of Mexico leading to plaintiff's injuries, he ought not to recover herein,'—which instruction was then and there refused by the court, and defendant excepted, and now defendant presents this, its bill of excep-

tion, praying that the same may be signed, sealed, filed, enrolled, and made a part of the record in this case, which is hereby accordingly done, this 1st day of November, A. D. 1898. T. S. Maxey, Judge."

"Be it remembered that, upon the trial of the above styled and numbered cause, defendant proved and introduced in evidence a portion of the laws of the republic of Mexico, in which country the plaintiff was injured, and which laws so introduced and proven are as follows, to wit:

### "Federal Penal Code of Mexico.

" 'Art. 306. That the law shall not prevent the recovery of subsequent damages by a new suit after they shall have accrued, if such injuries proceed directly from and are the necessary consequences of the same act or omission from which the original damage or injury resulted.'

" 'Art. 313. The judge who takes cognizance of suits based upon civil responsibility, shall endeavor to effect a compromise, so that the amount and terms of payment be fixed by agreement between the parties.'

" 'Art. 323. If the blows or wounds cause the loss of any member not indispensable for work, or the person wounded or struck remain otherwise crippled, lamed or deformed by the consequences, he shall have compensation, not only for the damages and injuries, but also to the sum which the judge may determine as extraordinary indemnity, considering the social position and sex of the person, and the part remaining crippled, lamed or deformed.'

" 'Art. 301. Civil liability arising from an act or omission contrary to the penal laws, consists in the obligation imposed on the party liable, to make: (1) Restitution; (2) reparation; (3) indemnization; and (4) payment of judicial expenses.'

" 'Art. 326. No person can be charged with the civil liability upon an act or omission contrary to the penal laws, unless it be proved that the person sought to be charged usurped the property of another; that without right he caused himself, or by means of another, damages or injuries to the plaintiff; or that the party sought to be charged being able to avoid the damages, they were caused by a person under his authority.'

### "Transitory Laws.

" 'Art. 28, subd. 5. Action to enforce the civil liability may be brought before a court of civil jurisdiction, whether or not the criminal proceeding has been commenced; but while the latter is pending, the proceedings in the former shall be stayed.'

" It also appears from the evidence in this case that defendant at the time of plaintiff's injuries, and ever since said time, had maintained a line of railroad and a portion of its personal property in the republic of Mexico, where plaintiff was following his employment with defendant at the time of his injuries. That the supreme court of the state of Texas, in the case of the Mexican National Railway Company vs. James O. Jackson, had decided that the courts of this state would not sit to adjudicate controversies like the one at bar, under the laws of republic of Mexico, and would not interfere with the traffic of railroads having their lines in Mexico by adjudicating causes arising in said republic of Mexico, where the courts of said country are ever open to parties litigant. That plaintiff, upon the trial of said cause, introduced testimony to the following effect, and proved the following facts, to wit: That he resided in, and was a citizen of, the county of El Paso, state of Texas, prior to and since the filing of his suit in this cause; and plaintiff also introduced testimony to the effect, and proved, that the defendant, the Mexican Central Railway Company, Limited, owned and operated a line of railroad terminating in the city of El Paso, El Paso county, Tex., and the defendant operated and ran trains over the said railway to this side of the river, in the city of El Paso, El Paso county, Tex., and that the defendant has and had, prior to the filing of this suit, an office and local agent in the said city of El Paso, and Western district of Texas, and that passengers took the train here in the city of El Paso, at the Santa Fé Depot, upon going over defendant's line of railway into the republic of Mexico; and plaintiff also proved, and introduced in evidence facts showing, that engines of defendant company were accustomed, every day, to come over the river for the purpose of taking out

passengers and freight, and that there was a track at the Santa Fé Depot known as the 'Mexican Central track.' That the defendant, upon the trial of said cause, thereafter requested the court to instruct the jury as follows: 'Gentlemen of the Jury: You are charged that the plaintiff has failed to prove that defendant is liable herein, and you will find for defendant,'—which instruction the court refused to give; whereupon defendant excepted, and now, by its attorneys, tenders this, its bill of exceptions, and asks that the same be signed, sealed, filed, enrolled, and made part of the record in this case, which is hereby accordingly done, this, the 1st day of November, A. D. 1898.      T. S. Maxey, Judge."

Upon the points reserved in the foregoing bills of exception, plaintiff in error contends as follows:

"Second. The trial court erred in refusing to submit to the jury defendant's first requested instruction, as follows, to wit: 'It appears from the Mexican laws offered by defendant herein that if plaintiff is entitled to recover herein, that his right of recovery must be based upon the violation of some criminal law of Mexico; that the recovery of damages for personal injuries. under the laws of Mexico, must be based upon the breach of a penal law, and in the commission of a tort leading to his injury. Plaintiff not showing that defendant violated any of the penal laws of Mexico, and thereby caused plaintiff's injuries, plaintiff having failed to prove the violation by defendant of any penal law of Mexico leading to plaintiff's injuries, he ought not to recover herein,'—the action of the court therein being error, for the reason that it appeared from the laws of Mexico, pleaded and proved upon the trial of said cause, that a recovery in a civil suit for personal injuries might only be had for the infraction of a penal law of the republic of Mexico resulting in such injuries; that plaintiff did not prove or claim a recovery under the laws of Mexico, which were shown to be different from our laws; and it was not claimed or proved that defendant had violated the provisions of any penal law of said republic of Mexico, and thereby caused plaintiff's injuries, as more fully appears from defendant's second bill of exceptions filed herein.

"Third. The court erred in refusing to give to the jury defendant's second requested instruction, as follows, to wit: 'You are hereby charged that plaintiff has failed to prove that defendant is liable herein, and you will find for defendant.' That the action of the court therein was error, for the reason that it appeared from the laws of the republic of Mexico, applicable to the other facts in this case, that the right of recovery sought by plaintiff for personal injuries sustained by him in said republic of Mexico, could not be properly enforced by our courts and our system of jurisprudence, in this: (1) That said laws of Mexico are so vague, indefinite, and different from our laws that our courts cannot intelligently enforce them. (2) That, under the Mexican law, more than one recovery may be had by plaintiff for the injuries set up by him; he being permitted by said laws to hereafter bring a new suit for a second recovery on account of the same. (3) For the reason that, under article 313 of said laws, it·is the right of defendant to have the trial judge endeavor to obtain terms of compromise between plaintiff and defendant before the trial, which procedure is contrary to the policy of our laws and the practice in our courts. (4) For the reason that, under article 323 of said laws, an injured party is entitled to extraordinary indemnity, considering the social position and sex of the person, the allowance of which right of recovery is contrary to the policy of our law. (5) For the reason that no recovery may be had, under the laws of Mexico, for damages on account of personal injuries, unless such damage resulted from a breach of a penal law of said republic of Mexico,—the recovery therefor in a civil suit being in the nature of a penalty as well as to compensate the plaintiff; it being contrary to the policy of our courts to enforce the penal laws of a foreign country. (6) For the reason that it is the announced policy of the supreme court of the state of Texas not to adjudicate, or attempt to adjudicate, causes arising in the republic of Mexico, for the reason that such adjudications will hamper the railroad companies doing business between the state of Texas and said republic of Mexico, and interfere with and hinder traffic between said state and said republic; plaintiff having failed to show any good or sufficient reason

why he had not sought redress in the courts of said republic of Mexico, instead of instituting suit in this court. (7) For the reason that plaintiff failed to prove that defendant had violated any penal law of the republic of Mexico resulting in his injury."

In Evey v. Railway Co., 26 C. C. A. 407, 81 Fed. 294, a case very similar to the one now under consideration, this court had occasion to hold, as taken from the well-prepared headnotes of the case, the following propositions:

"The right of an employé of a railroad company, injured in the republic of Mexico by the negligence of the company, to recover in a civil action damages for such injury, under the law of that republic, may be enforced in a federal court of the state of Texas having jurisdiction of the parties and of the subject-matter; that law being neither so vague and uncertain, nor so dissimilar to the law of the state of Texas, as to prevent it from being so enforced.

"A dissimilarity between the law of another country and the law of a state, in the federal court of which it is sought to be enforced, will not prevent such enforcement, unless the dissimilarity is so great as to conflict with the settled public policy of that state.

"The fact that a person injured by the negligence of a railroad company in another country might sue in that country is not sufficient to prevent him from suing in a United States court, particularly where the company owns and operates part of the same line of railroad in the state in which the suit is brought.

"The provision of the Penal Code of Mexico (article 306), that the required condition that the damages and injuries shall be actual 'shall not prevent that the indemnization of subsequent damages and injuries be exacted by a new suit when they shall have accrued,' has reference only to damages for injuries that develop after the first suit.

"The fact that the law of another country provides for the recovery in a second suit of damages for injuries which develop after the first suit does not prevent the person injured from suing in a court of this country, in which all damages must be recovered in one suit, as that provision of the foreign law relates merely to the remedy, and cannot govern here.

"The provision of the Penal Code of Mexico (article 313), that the judges 'shall endeavor that the amount and terms of payment be fixed by agreement of the parties,' relates merely to procedure, and not even to the remedy, and therefore does not control in an action in a United States court arising under the law of Mexico.

"The fact that acts of negligence, for which the laws of Mexico give a civil remedy, constitute also a crime, under the laws of that country, does not prevent the person injured from maintaining a civil suit therefor in a United States court; the liability not depending on the criminal prosecution or conviction of the defendant.

"The fact that the provision of the Penal Code of Mexico (article 323), that the judge may award, as 'extraordinary indemnity,' any sum that he may determine, considering the 'social position' of the person injured, is against the policy of our law, is no obstacle to a suit in a United States court to enforce a right given by the law of Mexico, there being no prayer for such extraordinary indemnity.

"The fact that the Mexican courts are not governed by precedent, and have no reports of adjudicated cases, is not an obstacle to an action in a United States court to enforce a right given by the laws of Mexico.

"The decisions of a state court that a law of another country is opposed to the policy of the state, and cannot be enforced there, are not controlling in the federal courts; the question of international comity being controlled by international law and custom."

We are unable to differentiate the present case from Evey v. Railway Co., supra, although in the latter-mentioned case the plaintiff in the circuit court proved the laws of Mexico, while in the present case

the laws of Mexico were proved by the defendant in the circuit court, who stopped a little short of proving all the laws of Mexico in relation to the matter in hand; omitting to prove, among other things, article 194 of the "Act for the regulation, construction, maintenance and operation of railroads," which was proved in the Evey Case, to wit: "Companies [railway] are liable for all faults or accidents which occur through tardiness, negligence, imprudence or want of capacity of their employés." Act Dec. 15, 1881. We take it that the failure to prove this last-mentioned article in the court below cannot be fatal to the right to recover, because, in the absence of proof, it is to be presumed that, in the matter of the liability of an employer for his negligence resulting in injuries to an employé, the law of Mexico is the same as the law of Texas, in both of which the civil law originally prevailed. See Phil. Ev. (Cowen & Hill's and Edwards' notes) p. 429 et seq., and adjudged cases there cited; 1 Rice, Ev. p. 65; Whart. Ev. § 1292. Indeed, there is good authority for holding that, as the state of Texas recently constituted a part of the republic of Mexico, the courts in the state of Texas, in proper cases, will take judicial notice of the laws common to both prior to the separation. Malpica v. McKown, 1 La. 248; Berluchaux v. Berluchaux, 7 La. 539. Further than this, it is to be noticed that, under the laws of Mexico as proved herein, it is clear that a civil action may be brought to recover damages resulting from negligence. Evey v. Railway Co., supra, was fully argued, well considered, and the propositions therein declared on the present reconsideration meet our full approval. The judgment of the circuit court is affirmed.