### MEXICAN CENT. RY. CO. v. JONES.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1901.)

#### No. 1,005.

1. MASTER AND SERVANT—PERSONAL INJURIES—JURISDICTION—LAWS OF MEXICO.

A railway employé injured in the republic of Mexico by the negligence of the company may recover therefor in a federal court in the state of Texas having jurisdiction of the parties and subject-matter, and both parties being citizens of the United States; the laws of Mexico not being so vague and uncertain, nor so dissimilar to the laws of Texas, as to prevent the enforcement of the right thereunder.

2. SAME—QUESTION FOR JURY.

A railway conductor, in detaching cars from a flat car standing on a side track, ordered a brakeman to cut off the cars, and directed another brakeman to see that the brake on the flat car was securely set. On starting away with the detached cars the conductor walked behind them, in order to signal another train, and was injured by being run down by the flat car, which failed to remain where left, because the brake was defective and insecure. *Held*, in an action by the conductor, that it was not error to refuse affirmative charges for defendant; the question of negligence being properly left to the jury.

In Error to the Circuit Court of the United States for the Western District of Texas.

Action by S. S. Jones against the Mexican Central Railway Company. Judgment in plaintiff's favor, and defendant brings error. Affirmed.

The following is the charge of the trial court (BOARMAN, District Judge):

The plaintiff claims damages of the defendant for its alleged failure to provide and keep in proper repair suitable appliances to be used by its employés on its cars; and it is claimed by the plaintiff that while he was acting as conductor on one of defendant's freight trains it became necessary for him to remove two cars that were standing on what is commonly called a "Y" from in front of a flat car, and that the said cars that he removed and the flat car were standing on a grade, and that, when he removed the two ballast cars from in front of the flat car and started down the track, the said flat car, by reason of a defective brake, which he alleges was broken and worn and unsafe to hold the car on said grade, ran down upon him, striking and injuring him; that the dog which was intended to operate in the ratchet wheel of said brake was loose and worn in such a way that it would not stay in the ratchet wheel, and consequently would not hold the car; and that in consequence of the defective brake the car escaped and ran down on the track and injured him.

In reference to the duty a railway company or master owes to its employés, the law requires the company to exercise reasonable care in furnishing suitable machinery and appliances for carrying on the business for which it employs the servant, and in keeping such machinery and appliances in repair, including the duty of making inspections, tests, and examinations at proper intervals; but the master is not responsible for hidden defects which could not have been discovered by careful inspection. The duty of a railway company in that respect to its employés is discharged when, and only when, its agents whose business it is to supply such instrumentalities exercise due care as well in their purchase originally as in keeping and maintaining them in their original condition, so as to be reasonably and adequately safe for use by employés. A master employing a servant impliedly engages with him that the place in which he is to work, and the tools or machinery with which he is to work, or by which he is to be surrounded, shall be reasonably safe. It is the master who is to provide the place and the tools and the machinery, and when he employs one to enter into his service he impliedly says to him that there is no other danger in the place, the tools, and the machinery than such as is obvious and necessary. Of course, some places of work and some kinds of machinery are more dangerous than others, but that is something which is inherent in the thing itself. It is a matter of necessity and cannot be obviated; and within such limits the master who provides the place, the tools, and the machinery owes a positive duty to his employé in respect thereto. That positive duty does not go to the extent of a guaranty of safety. It does not require the master to furnish the safest and best tools or machinery, nor those of the latest style and pattern, but it does require that reasonable precautions be taken to secure safety; and it matters not to the employé by whom that safety is secured, or the reasonable precautions therefor taken. He has the right to look to the master for the discharge of that duty, and if the master, instead of discharging it himself, sees fit to have it attended to by others, that does not change the measure of obligation to the employé, or the latter's right to insist that reasonable precaution shall be taken to secure safety in these respects. See Belden v. Chase, 150 U. S. 688, 14 Sup. Ct. 264, 37 L. Ed. 1218; Railroad Co. v. McDade, 135 U. S. 570, 10 Sup. Ct. 1044. 34 L. Ed. 235; Tuttle v. Railway Co., 122 U. S. 195, 7 Sup. Ct. 1166, 30 L. Ed. 1114. "It is a general rule that a servant entering into employment that is hazardous assumes the usual risks of the service and those which are apparent to ordinary observation; and when he accepts or continues in the service with knowledge of the character of appliances, machinery, and tools from which injury may be apprehended, he also assumes the hazards incident to the situation. * * * Those not obvious assumed by the employé are such perils as exist after the master has used due care and precaution to guard the former against danger. And the defective condition of appliances or machinery, which by the exercise of reasonable care of the master may be obviated, and from the consequences of which he is released from responsibility to the servant, by reason of the latter's knowledge of the situation, is such as is apparent to his observation." See Railroad Co. v. Archibald, 170 U. S. 673, 18 Sup. Ct. 780, 42 L. Ed. 1191. "The employer may rely on the fact that his employé assumes the risks usually incident to the

107 F.—5

employment. The employé, on the other hand, has the right to rest on the assumption that appliances furnished are free from defects discoverable by proper inspection, and is not subjected to the danger of using appliances containing such defects because of his knowledge of the general methods adopted by the employer in carrying on his business, or because by ordinary care he might have known of the methods, and inferred therefrom that danger of unsafe appliances might arise. The employé is not compelled to pass judgment on the adequacy of the appliances furnished by the master. He has the right to assume that the employer will use reasonable care to make the appliances safe, and to deal with those furnished relying on this fact." See Railroad Co. v. Archibald, 170 U. S. 665–671, 18 Sup. Ct. 777–779, 42 L. Ed. 1188–1191; Id., 75 Fed. 806, 21 C. C. A. 520.

As before stated, the plaintiff claims that the defendant was negligent in allowing the brake on the flat car to be and remain out of order, and in such defective condition that it would not hold the flat car on the grade where it was standing when the two cars were removed from in front of it. As the plaintiff charges negligence, it devolves upon him to establish negligence against the defendant in those respects before he is entitled to recover a verdict at your hands. If the brake (that is, the ratchet wheel and the dog) were in good order and condition at the time the plaintiff was hurt, he cannot recover, notwithstanding he may have been attending to his proper duties, and may have been exercising due care of himself in discharging them; for in such a case he assumed the risk incident to the service. Accidents often do, and will continue to, happen in the operation of railroad trains, without fault or negligence on the part of the railroad companies; and, if such accidents happen to an employé without fault or negligence on the part of the company, in such cases the railroad company would not be liable. It was also the duty of the plaintiff to take proper care of himself,—that is, such care as an ordinarily prudent person would have exercised under similar circumstances; and, if the plaintiff failed to take reasonable care of himself and to look out for his own safety, then he cannot recover for any injuries to which his want of care and precaution contributed. Whether the brake and the ratchet wheel and dog were in good order, whether the injuries to the plaintiff were the result of unavoidable accident, or whether they were attributable to the negligence of the defendant in failing to exercise reasonable care in supplying said flat car with appliances adequately safe for the purposes for which brakes are used, and whether the plaintiff was guilty of negligence which contributed to his injuries, are all questions of fact, which, like all other questions of fact, you will determine for yourselves from a consideration of the evidence before you. If you believe from the evidence that on the occasion when the plaintiff was injured there were some cars standing on the "Y," and that the plaintiff, as conductor, caused two of the cars to be removed from in front of the flat car, which subsequently ran down and injured him, and that before removing said two cars from in front of said flat car he caused his brakeman to set the brakes on the flat car and the coal car, which were left standing on the "Y," and that when said two cars were removed from in front of the flat car he started to walk down the track, and was engaged in his duty in looking out for another train which he supposed might be approaching, and that by reason of a defective brake the said flat car ran down the grade and struck the plaintiff and injured him, and that said defect in the brake was such that the defendant could have ascertained it by reasonable inspection, and might have known thereof by the exercise of reasonable diligence a sufficient length of time to have enabled it to have removed the defect prior to the plaintiff's injury, then the plaintiff would be entitled to recover whatever damages he may have sustained, provided you believe from the evidence that he was exercising reasonable diligence at the time that he was injured, and was not guilty of negligence which contributed to his injury. You are the exclusive judges of the credibility of the witnesses and of the weight to be attached to their testimony, and you will give it such weight as you think it entitled to receive under all the circumstances.

On the material issues of this case, there seems to be but little, if any, conflicting testimony. The plaintiff contends that he himself was injured while

in the discharge of his duty as an employé of defendant, and that the defendant company was at fault and guilty of negligence in not supplying him with a reasonably safe place, appliances, and machinery in or with which to perform his work. I will read to you some special charges presented by counsel for plaintiff, and later read to you charges from the defendant's counsel which I think state the law.

It appears from the evidence that there were four box or freight cars at rest on the stem of the "Y," and that the conductor (the plaintiff) was ordered to have his engine turned on the "Y," and that he was endeavoring to do so at the time the accident occurred. It also appears, from the plaintiff's contention, that these four cars lying on the stem were so close to the leg of the "Y" that the engine could not be turned on the stem, and that it became necessary to give the engine more room or distance on the stem in order to turn it. If you believe from the evidence it was necessary, in order to turn the engine, for the plaintiff to have the four cars, or any one of them, moved down the incline, then you will find that the plaintiff was without negligence in moving two of the cars. On the other hand, if you find from the evidence that the engine could have been just as well turned on the stem of the "Y" without moving the cars, or any one of them, the plaintiff was at fault in moving any of the four cars; and, if he moved them without its being necessary in the discharge of his duty, the action of moving them unnecessarily increased his own danger, and he in so moving them was guilty of contributory negligence, and the defendant would not be liable for the injury resulting to him from the loose cars, whether they were in good or bad order. So far as the undisputed evidence—issuable matters—in this case shows, I charge you that the mere fact of the four cars resting where they were, even though one or all of them were defective and imperfect in their appliances, does not of itself show negligence on the part of the defendant. The mere fact that the cars were then resting on the "Y" was not in itself negligence of the defendant.

The following rule of the defendant company was in force on its road at the time of plaintiff's injuries: "Cars left at stations must have sufficient hand brakes set to prevent any possibility of their being blown out. The air brakes must not be depended upon to hold cars left at stations. All cars left at nonagent sidings must be coupled up when practicable. In case of a single car, or one with defective brakes, the wheels should be securely blocked, in addition to having hand brakes set." Having read this rule to you, I charge you that the defendant is not liable to the plaintiff in this case if his injuries were proximately caused by the negligence of a fellow servant in not complying with the rule.

The plaintiff contends that when he took the two cars away from the four, resting on the stem of the "Y," he left, as he thought, the other two securely fastened; that he saw the brakeman put on the brakes to the car from which he had detached the two he was moving; and that, while following the two that were moving on ahead of him, the two cars which he thought were at rest on the stem of the "Y" came down the incline, and he was run over and injured by one of those two cars. He says it was nighttime, and when he turned to go down the track the two cars were at rest; that he had gone about the distance of a car and a half in length when he was overtaken by those two cars and run over; that he did not hear the approaching cars; and that, owing to the nature of the track, he could not at that time very well walk anywhere else but on the track. The defendant contends that the two cars, under the rules, should have been securely fastened by the employé, whoever he may have been, that left them at rest where they were, and that if they were not securely fastened, and did, as a matter of fact, roll down the incline and overtake and run over the conductor, the fault was in the negligence of a fellow servant, whose duty it was, under the rules, to have securely fastened them with the brakes. Defendant contends further that the duty imposed by the rule on such employé was not carried out. Now, on this issue, I charge you, that if you find from the evidence that a fellow servant, whose duty it was to comply with the rule which I have read to you, failed or neglected, when the cars were left at rest, to do such things as would be a substantial and reasonable compliance with the rule, and you

further find that the injury to the plaintiff was proximately caused by such negligence, then the defendant is not liable. On the other hand, if you find from the evidence that the fellow servant mentioned, did, as a matter of fact, substantially and reasonably comply with the rule I have read to you, the defendant, if the injury which came to the plaintiff was caused proximately by the negligence of such fellow servant, would be liable.

If, under the evidence and foregoing instructions, your verdict be in favor of the plaintiff, you will award him such an amount of actual damages as will compensate him for the injuries he has sustained; and in arriving at that sum you will take into consideration the character of his injuries,— whether permanent or otherwise,—and his diminished capacity, if any, to earn money in consequence of his injuries, as well as for the pain and suffering he may have endured or will endure in consequence of the same. If your verdict be for the plaintiff, you will return it in the following form: "We, the jury, find for the plaintiff, and assess his damages at ——— dollars;" you to fill up the blank with the amount found. If, on the other hand, your verdict be in favor of the defendant, you will simply say, "We, the jury, find for the defendant."

Waters Davis (T. A. Falvey, on the brief), for plaintiff in error.
Millard Patterson and C. N. Buckler, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This action was brought by S. S. Jones, a citizen of Texas, against the Mexican Central Railway Company, a corporation under the law of Massachusetts. It is an action for damages for personal injuries received by the plaintiff while acting in the capacity of conductor of one of the defendant's freight trains. It resulted in a verdict for the plaintiff in the sum of $5,500. From a judgment on that verdict the defendant sued out a writ of error to this court. The injury was received on August 20, 1898, at El Abra, in the republic of Mexico. The injury was alleged to have occurred because of a defect in one of the brakes. The defect was such that the catch or dog failed to stay in the ratchet wheel. The brake was so out of order that the ratchet wheel would not so work as to cause the brake to hold the car. While the plaintiff was acting in his capacity as conductor of the freight train, it became necessary to couple the engine and cars then in his charge to two ballast cars which were standing on the side track on what is properly called a "Y." Immediately in the rear of, and standing near to or against the rear end of, the rear ballast car, and coupled to the same, was a flat car; and, in order to move the two ballast cars, it was necessary to uncouple them from the flat car. This was done. When the two ballast cars were coupled to the train in charge of the plaintiff, the train, with the two ballast cars, was moved away from the flat car, and was moved off down the track towards another switch. The plaintiff, in order to flag another train which he supposed and believed would come up, was walking along the track in the rear of his train, and looking out for the other train, when the flat car, from which the two ballast cars had been detached, ran upon him and severely injured him. These and other facts were alleged in the petition, and the evidence tended to prove them. The evidence showed that if the brake had been in proper condition the flat car would have been held, and the plaintiff would not have been injured. Other ma-

terial facts are stated in the charge of the court, which is given in the statement of the case. The following articles from the Federal Penal Code of Mexico are set out in the petition, and shown by the record to be the law of Mexico:

"Art. 326. No person can be charged with civil liability upon an act or omission contrary to a penal law, unless it be proven that the party sought to be charged usurped the property of another, or that without right he caused by himself, or by means of another, damages or injuries to the plaintiff, or that the party sought to be charged being able to avoid the damages, they were caused by a person under his authority."

"Art. 184. Companies [railway] are liable for all faults or accidents which occur through tardiness, negligence, imprudence or want of capacity of their employees."

The defendant filed a plea to the jurisdiction of the court. This plea, at great length, set out the laws of the republic of Mexico, and averred that they were so vague, uncertain, and dissimilar to the laws of "our country," that the court should not entertain jurisdiction and attempt to enforce the same. The plaintiff filed exceptions to this plea to the jurisdiction, and the court sustained the exceptions. The first assignment of error relates to this ruling of the court. The question raised by this assignment of error has already been fully disposed of by this court. In Evey v. Railroad Co., 81 Fed. 294, 26 C. C. A. 407, 38 L. R. A. 387, this court held:

"The right of an employé of a railroad company, injured in the republic of Mexico by the negligence of the company, to recover in a civil action damages for such injury under the law of that republic, may be enforced in a federal court in the state of Texas having jurisdiction of the parties and of the subject-matter; that law being neither so vague and uncertain, nor so dissimilar to the law of the state of Texas, as to prevent it from being so enforced, and both parties being citizens of the United States."

This case has been reaffirmed in Railway Co. v. Marshall, 91 Fed. 933, 34 C. C. A. 133.

The plea to the jurisdiction having been disposed of, the case went to trial on the defendant's answer, denying all the allegations of the petition, and averring that the injuries resulted through the plaintiff's own wrong and contributory negligence. The evidence on the trial, without conflict, showed that the brake was in the condition, alleged in the petition, and that its condition was unknown to the plaintiff. It was shown that the plaintiff told the brakeman to cut off the ballast cars from the flat car. He then directed one of the brakemen to get on the flat car and see that the brake was securely set. He gave the same direction as to the brake on the coal car. The brakeman followed these instructions. The brake, however, being out of fix, did not hold the car.

There are thirteen assignments of error relating to the charge of the court below. Some of them relate to portions of the charge as given, and others to the refusal of the court to give charges requested. The case, we think, can be more briefly disposed of and better understood by giving the charge of the court in full. It is therefore set forth in the statement. The charge of the learned judge so completely covers the controverted points that it needs no comment. It very fairly presented the case to the jury. We find no error in it to the injury of the plaintiff in error.

The several special charges asked by the defendant below each concludes with instructions to find a verdict for the defendant, in these or similar words: "You are therefore charged to find for the defendant;" or, "Plaintiff having failed in this duty, and his default having resulted in this injury, he cannot recover." These instructions were, of course, properly refused. It was a case proper to be left to the jury.

We find no error in the record to the injury of the plaintiff in error. The judgment of the circuit court must be affirmed.