## ADDISON *vs.* NEW-ORLEANS SAVINGS BANK.

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

The proceedings of the Probate Court, where the succession of the de-
ceased was opened and administered, recognizing the heir, together with
the testimony of witnesses well acquainted with the family, are sufficient
to authorize the heir to sue and maintain an action in his own name, for
debts owing the succession.

The lawful heir inherits the succession from the moment it is opened
and this right is acquired by the operation of law, alone, before he has
taken any steps to put himself in possession.

One of the effects of the right of the heir to a succession, is to authorize
him to institute all the actions which the deceased had a right to, and to
prosecute those already commenced.

EASTERN DIST. It is not necessary *in all cases* to appoint an attorney of absent heirs, and a
June, 1840.       curator to the vacant estate, contradictorily with whom the heir must
                  claim the estate.   And when it is shown, the deceased had no forced
ADDISON          heirs, the nearest collateral relation, as a brother, applying, will be entitled
*vs.*
NEW-ORLEANS      to the succession.
SAVINGS BANK.

The absence of heirs will not be *presumed* in all cases of an *intestate* suc-
cession, and less so in a case where the contrary is shown.

This is an action in which the plaintiff claims a deposit
of seven thousand dollars, made in the Savings Bank of
New-Orleans, by Mary Amanda Addison, late wife of Nott,
on the ground that she is dead, and that he is her only
brother and nearest heir.   He shows that he has been re-
cognized as the only lawful heir to the deceased, by the
Probate Court of the parish of Jefferson, where she died, and
where her succession was opened.   He prays judgment for
the amount of said deposit, and all the accruing interest.

The defendant admitted the deposit, but denied that
the plaintiff was heir, and entitled to receive the money.

The plaintiff produced the proceedings in the Court of
Probates, recognizing him as heir, and also proved his heir-
ship by witnesses familiar with the family.   There was
judgment for the plaintiff for the sum claimed, with interest,
and the defendant appealed.

*M'Kinney,* for the plaintiff.

*Maybin,* contra.

*Simon, J.,* delivered the opinion of the court.

Plaintiff alleges, that he is the only heir and representative
of his sister, having been recognized as such by the Court of
Probates of the parish of Jefferson, where she died, and that
by a decree of the said court, he has been put in possession
of her estate.   He further states, that some time before her
death, she had deposited a sum of seven thousand dollars
with the defendants, which he now claims with interest, &c.

Defendants plead the general issue, admit the deposit of
seven thousand dollars, and deny the death of the depositor,

and the plaintiff's heirship and relation as by him alleged. They also aver, that the proceedings had before the Court of Probates, are irregular, illegal and void, the same having been had *ex-parte,* and maintain that the plaintiff has no right of action.

The District Court gave judgment in favor of plaintiff, and the defendant appealed.

The only question submitted to our decision in this case, is whether the plaintiff's right of action, as the only heir of his sister, is sufficiently established. For this purpose, he has not only produced proceedings had before the Court of Probates of the parish where the succession was opened, and in which he is recognized to be the brother and only lawful heir of the deceased and authorized as such to take possession of her estate, but he has also proven by several witnesses well acquainted with the family, that she had, at the time of her death, no other heir but the plaintiff. It is, however, contended by defendant, that in order to entitle the plaintiff to recover, he must show that he has been legally authorized to take possession of the intestate succession, contradictorily with a *curator of absent heirs,* to be appointed under articles 1089 and 1091 of the Louisiana Code; that he was himself entitled to the curatorship by article 1114, and that the decree of the Court of Probates, by him produced, is illegal and insufficient, having been rendered *ex-parte;* and they also urge that this defect in the proceedings, or the absence of legal formalities, cannot be supplied by parole proof of his being the only heir, as he must previously be pronounced to be so by the Probate Court of the domicil of the deceased:

If a person dies, leaving no descendants, nor father nor mother, as it has been shown in this case, the law calls to his inheritance his brothers and sisters. *Louisiana Code, article* 908; if there be only one, he becomes the only *lawful heir,* and inherits the whole succession. The lawful heir acquires the succession immediately after the death of the deceased person to whom he succeeds, and this right is acquired by the operation of the law alone, *before he has taken any step to put himself in possession;* from the moment the

---

*Margin notes:*

Eastern Dist. June, 1840.

ADDISON
*vs.*
NEW-ORLEANS
SAVINGS BANK.

The proceedings of the Probate Court, where the succession of the deceased was opened and administered, recognizing the heir, together with the testimony of witnesses well acquainted with the family, are sufficient to authorize the heir to sue and maintain an action in his own name, for debts owing the succession.

The lawful heir inherits the succession from the moment it is opened; and this right is acquired by the operation of law, alone, before he has taken any steps to put himself in possession.

EASTERN DIST.
June, 1840.

ADDISON
vs.
NEW-ORLEANS
SAVINGS BANK.

One of the effects of the right of the heir to a succession, is to authorize him to institute all the actions which the deceased had a right to, and to prosecute those already commenced.

It is not necessary, in all cases, to appoint an attorney of absent heirs, and a curator to the vacant estate, contradictorily with whom the heir must claim the estate; and when it is shown the deceased had no forced heirs, the nearest collateral relation, as a brother applying, will be entitled to the succession.

The absence of heirs will not be presumed in all cases of an intestate succession, and less so in a case where the contrary is shown.

succession is opened, *le mort saisit le vif,* and the right of possession which the deceased had, continues in the person of the heir, as if there had been no interruption, and independent of the fact of possession. *Louisiana Code, articles* 934, 935 and 936. One of the effects of this right is, to authorize the heir to institute all the actions which the deceased had a right to institute, and to prosecute those already commenced : *Idem., article* 939. It is then perfectly clear, that the plaintiff, who is proven to be the only lawful heir of the deceased, had a right to institute this action, as well as any other, previous to his taking any step to be put in possession of the estate ; that there was no necessity for such proceedings before enforcing his right, and that all that could be required of him, was to furnish satisfactory evidence of his right of inheritance. This has been done in this case.

But it is insisted that, the succession of the plaintiff's sister being one *ab intestato,* it was necessary first to cause a counsel to be appointed to the absent heirs, and afterwards *a* curator, according to articles 1091 and 1204, and that the plaintiff ought to have claimed the succession contradictorily with such curator. This position would be correct, if it appeared that the heirs or part of them were absent, but we are not prepared to understand the law to require the appointment of a curator in all cases ; to presume the absence of heirs in all successions, and less so in a case in which the contrary has been shown. 12 *Louisiana Reports,* 80. The Court of Probates received proof of the right of the plaintiff, so did the District Court, and without attempting to inquire into the legality and validity of the decree of the Court of Probates, which we are not allowed to question collaterally in this suit, particularly with the defendants who have no interest in the succession, we are of opinion that the plaintiff has proven all that he was required by law to show, and that the judge *à quo* did not err in giving judgment in his favor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.