(69 South. 26)

No. 20633.

Succession of STEVENS.

(June 11, 1915.)

*(Syllabus by Editorial Staff.)*

1. TAXATION &#8667;864—INHERITANCE TAX—INTEREST OF HEIRS—"SUCCESSION."

A wife died in 1899, leaving a succession composed of her share of the property belonging to the community of acquets and gains, existing between her and her surviving husband, leaving two major children, and the surviving husband continued in possession of all the property of her succession as usufructuary, there being no occasion for any settlement of her succession as neither it nor the community owed any debts. The Inheritance Tax Law (Act No. 109 of 1906), § 25, declared that its provisions should affect all successions not finally closed, or in which the final account had not been filed. *Held*, that the statute referred only to successions in the course of administration, and not to a succession that never existed as a succession, i. e., as the ideal being in whom property of a decedent is vested pending its transmission to the heirs, and hence not to the wife's succession which, owing no debts, was not susceptible of settlement other than as might consist in the property passing to and becoming vested in the heirs by operation of law, so that the husband's succession did not include the property of the wife's succession so as to make it subject to the inheritance tax.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1679; Dec. Dig. &#8667;864.

For other definitions, see Words and Phrases, First and Second Series, Succession.]

2. EXECUTORS AND ADMINISTRATORS &#8667;38—INTEREST OF HEIRS—"SUCCESSION."

Under Rev. Civ. Code, articles 940–947, relating to the opening of successions, and articles 1609, 1611, relating to universal legacies; and article 1671, permitting the heirs to take seisin from the executor by paying him the amount needed to discharge legacies, and by giving certain bonds, the property of a deceased person is transmitted directly and immediately to the legal heir, or, in the absence of forced heirs, to the universal legatee, without vesting in the succession representative, or in the legal abstract called "succession."

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 323; Dec. Dig. &#8667;38.]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Rule by the heirs of H. B. Stevens, Sr., against Thomas Connell, Clerk and ex officio Inheritance Tax Collector. Judgment for defendant, and plaintiffs appeal. Judgment set aside, and case remanded for judgment.

J. F. Pierson, of Ponchatoula, for appellants. Samson Levy, of New Orleans (William J. Hennessey, of New Orleans, of counsel), for appellee.

PROVOSTY, J. [1] Mrs. Stevens died in 1899, leaving a succession composed of her share of the property belonging to the community of acquets and gains that had existed between her and her surviving husband, and leaving as her heirs her two children, issue of her marriage, both of whom were majors. As neither her succession nor the community of acquets and gains owed any debt, there was no occasion for any judicial proceedings for the settlement of her succession, and her surviving husband simply continued in possession of all the property of her succession as usufructuary. Her husband died in 1913, and the matter now to be considered is a rule taken by his heirs, upon the tax collector, to fix the amount of the inheritance tax due by his succession.

The tax collector wishes to include in his succession the property of the succession of Mrs. Stevens which passed to her heirs in 1899. But, as a matter of course, this cannot be done. Mr. Stevens, ever since the death of his wife, when this property passed to her children and legal heirs, has only had the usufruct of this property, and this usufruct expired with his death.

The theory of the tax collector is that, inasmuch as the succession of Mrs. Stevens was never opened, it was never closed, and that therefore it comes under section 25 of Act No. 109, p. 173, of 1906 (the Inheritance Tax Law) reading:

"The provisions of this act shall affect all successions not finally closed, or in which the final account has not been filed."

[2] But this provision could have reference, evidently, only to successions in course of administration, not to successions that had never existed as successions, i. e., as the ideal being in whom the property of a decedent is vested pending its transmission to the heirs, or to successions which, owing no debt, were not susceptible of settlement, or of any other settlement than such as might consist in the property passing by operation of law to the heirs and becoming fully and finally vested in them.

"Our Code leaves no room whatever for doubt or surmise as to the fact of the property of a deceased person being transmitted directly and immediately to the legal heir, or, in the absence of forced heirs, to the universal legatee, without any intermediate stage when it would be vested in the succession representative, or in the legal abstract called 'succession.' The law on that point is so explicitly stated in the Code, and has been so frequently applied, that nothing more is needed here than to give the numbers of the articles of the Code bearing upon the point, and the pages of the Reports where a few of the very numerous decisions are to be found: Articles 940–947, 1609, 1611, and 1671; Womack v. Womack, 2 La. Ann. 341; Frazier v. Hills, 5 La. Ann. 114; Addison v. Bank, 15 La. 529; Succession of Dupuy, 4 La. Ann. 571; Burbridge v. Chinn, 34 La. Ann. 681. Therefore the property forming the subject-matter of the universal legacy became at once the property of Tulane, and as such exempt from taxation." Succ. of Hutchinson, 115 La. 1028, 40 South. 445.

Several years before the inheritance law was enacted, this property had passed to the heirs of Mrs. Stevens, and ceased to be succession property, or to be an inheritance in the sense of the inheritance tax law. It had become simply ordinary property belonging to the two children of Mrs. Stevens, but subject to the legal usufruct in favor of their father.

The judgment appealed from is set aside, and the case is remanded, for judgment to be entered in accordance with the views herein expressed.