FRUGE, Judge.
This suit was instituted to evict defendant from certain premises under the provisions of LSA-R.S. 13:4911 et seq. [Now LSA-C.C.P. Art. 4701 et seq.] From a judgment directing defendant to vacate the premises, defendant prosecutes this appeal.
Plaintiff, Queen Esther Simpson, is the administratrix of the estate of Isom Simpson. Defendant, Virgie Lee Colvin (Simpson), is the former wife of decedent. Defendant is the mother of three children (the children of herself and decedent) and as such was appointed natural tutrix. Before decedent’s death, he, defendant (Virgie Lee Colvin Simpson), and the children resided on the premises in question. Subsequent to decedent’s death, defendant and the three children continued residing on these premises. The marriage between decedent and defendant was declared null *829 and void in a judgment rendered in the “Succession of Isom Simpson” on September 9, 1960 which also declared that the marriage produced no civil effects as to defendant, but reserved the right to the “alleged children of Isom Simpson to assert their rights at a proper time and through proper proceedings.” (That judgment also appointed plaintiff, the sister of decedent, as administratrix.)
The original petition in the eviction proceedings was filed on November 14, 1960, and exceptions were taken thereto. Defendant filed an answer on December 9, 1960 with full reservation of her rights under the exceptions previously taken. In the answer she alleged that she was the “ * * * mother and legal custodian of the minor children of Isom Simpson, * * * ”; that the children of necessity reside with her and eviction would also evict them. On January 3, 1961, defendant filed exceptions of no right and no cause of action which resulted in an amendment to the petition. The rule to show cause in the eviction was re-fixed for January 20, 1961. On January 20, 1961, defendant filed an “Answer and Intervention” — the answer was on her own behalf (i. e., individually as defendant) and the intervention in her capacity as natural tutrix to the children. In the answer, it was alleged, among other things, that she had not received notice to vacate in her capacity of natural tutrix. The allegations in the intervention were that as natural tutrix, representing the children, she desired to become a party by joining with defendant, in her individual capacity, in resisting the claims of plaintiff; that the children were the “record owners” of the property of decedent; that plaintiff has no authority to evict the children; that the children are minors and that defendant is obliged to reside with them; alternatively that the children had been acknowledged by the decedent and the intervention was concluded with a prayer for permission to file the answer and intervention; that there be citation on all parties to answer “this petition of intervention”; and for judgment in accordance therewith. On the the same date, the trial judge ordered that the intervention be filed and served as prayed for. The attorney for Queen Esther Simpson accepted service. By agreement of counsel the rule was fixed for February 10, 1961. On February 9, 1961 plaintiff filed exceptions entitled “Improper Cumulations of Action and of Prematurity”. As to the intervention it was alleged that the “Answer and Intervention” was an attempt to establish that the children are the legal heirs and as such owners of decedent’s estate; that the main demand was for ejectment of defendant individually; that the administration had not been concluded; that insofar as the intervention seeks to establish heirship it is an improper cumulation and premature. The minute entry of February 10, 1961, reflects that the exceptions of prematurity and improper cumulation were maintained. insofar as the children sought to intervene. Judgment was rendered ordering defendant to vacate the premises.
The case has been submitted to us on briefs without benefit of oral argument. Moreover, the trial judge did not benefit us with written reasons for judgment. Appellant, Virgie Lee Colvin Simpson, takes issue in brief only with the trial judge’s action in maintaining the exceptions of improper cumulation and prematurity and dismissing the intervention. Thus the question for our decision is whether or not the minor children, on the showing made by the pleadings and testimony, have such an interest in the cause as to justify intervention in these eviction proceedings and if so, did the trial judge err in dismissing their intervention ?
LSA-C.C.P. Art. 1091 provides:
“A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
*830 “(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
“(2) Uniting with defendant in resisting the plaintiff’s demand; or
“(3) Opposing both plaintiff and defendant.”
LSA-C.C. Art. 117 provides:
“The marriage, which has been declared null, produces nevertheless its civil effects as it relates to the parties and their children, if it has been contracted in good faith.”
And LSA-C.C. Art. 118 provides:
“If only one of the parties acted in good faith, the marriage produces its civil effects only in his or her favor, and in favor of the children born of the marriage.”
LSA-C.C. Arts. 193-197 relate to the proof of legitimacy and LSA-C.C. Arts. 198-201 relates to legitimation.
However, LSA-C.C. Art. 925 provides:
“Children called to the succession of their natural father or mother, in the cases mentioned in the preceding articles, are permitted to take possession of the succession which has fallen to them only by the order of the judge of the parish in which the succession is opened.”
There is no doubt but that property of a decedent in transmitted directly and immediately to the legal heirs, or, in the absence of forced heirs, to the universal legatee. See Succession of Stevens, 137 La. 613, 69 So. 26. Cf. also Succession of Dupuy, 4 La.Ann. 570.
Therefore, it is self-evident that the minor children had an interest in the outcome of these proceedings and could properly intervene if the requisite pleadings were introduced. In their intervention they alleged that they were the “record owners” of the property and if so, then they had an interest in preventing the eviction of their natural tutrix with whom they resided.
Plaintiff contends, in substance, that proof of legitimacy will become involved and therefore this would be an improper cumulation of actions. We find no merit in this contention as in any intervention, of necessity, the intervenors must allege and prove their interest in the cause, i. e. the right to intervene. And accepting the pleadings as true, we find that they are the “record owners” of the premises. Due to the fact that the trial court did not benefit us with reasons for sustaining the exceptions of improper cumulation and prematurity — there was merely a minute entry that they were sustained — it is manifest that if he sustained the exception on the theory that this was an improper cumulation then clearly he was in error. In view of the fact that the intervention contains the requisite allegations to show an interest in these proceedings, the trial judge should have considered the intervention. In Cherry’s Succession v. Metropolitan Life Ins. Co., La.App., 176 So. 645, where an administrator had been appointed, and an insurance policy was payable to the decedent’s administrator, the former wife and son of the decedent were required to allege that they had been recognized by judgment of court as heirs of the deceased-insured, and that they had been sent into possession of the estate in order to intervene for the proceeds of the policy. In the case at bar intervenors properly alleged their interest as “record owners” of the property. In an absence of a showing that they were not “record owners” the fact that they alternatively alleged that decedent had acknowledged them does not affect their right to intervene. Moreover, it will not suffice that the eviction is sought of defendant and not the children, since the minor children necessarily reside with their mother (who is their natural tutrix) and her eviction would affect them adversely, especially if they actually have the right to be on the premises as the pleadings appear to disclose. Therefore, we find that our learned brother below *831 erred in sustaining the exceptions to the intervention.
For the foregoing reasons, the judgment appealed from is reversed and the case remanded for action not inconsistent with the views herein expressed and in accordance with law.
Reversed and remanded.